UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GERALD BULLOCKS,
Plaintiff,

vs.

RON ERDOS, *et al.*,
Defendants.

Case No. 1:18-cv-434

Black, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action against defendants Warden Ron Erdos and C/O Parish. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or

when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff alleges that he was transferred to a restrictive housing unit on March 30, 2018. (Doc. 1-1, Complaint at PageID 14). Plaintiff claims defendant C/O Parrish packed up his personal property, but left photos and legal documents behind in his cell. As a result, plaintiff claims that he is missing more than thirty family photos, which he claims cannot be replaced. According to plaintiff, he unsuccessfully filed a theft/loss report and grievance for his lost belongings. (*Id.* at PageID 17). Plaintiff claims that at other prisons in Ohio inmates are allowed to be present during the pack-up of their belongings, but that defendant Warden Erdos does not permit SOCF inmates to do so. (*Id.* at PageID 16).

As relief, plaintiff seeks monetary damages. (*Id.* at PageID 15). Plaintiff also seeks a new policy that permits inmates to be present when their property is packed up.

Plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief may be granted. As an initial matter, plaintiff seeks to bring this action as a class action on behalf of all inmates at SOCF. (*See* Doc. 1-1, Complaint at PageID 14, 18). However, plaintiff "lacks standing to assert the constitutional rights of other prisoners" and is not permitted as a pro se litigant to bring a class action lawsuit concerning prison conditions. *See Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (and cases cited therein); *see also White*

*Kasich,* No. 2:12-cv-1125, 2013 WL 941440, at *10 (S.D. Ohio Mar. 8, 2013) (Deavers, M.J.) (Report & Recommendation) (explaining that the reason pro se prisoners are generally prohibited from bringing class actions is because they are unable to "adequately to represent the interests of the class"), *adopted,* 2013 WL 1281887 (S.D. Ohio Mar. 27, 2013) (Smith, J.); *Brown v. Collins,* No. 2:07-cv-826, 2008 WL 818793, at *2 (S.D. Ohio Mar. 24, 2008) (Kemp, M.J.; Frost, J.) (citing *Palasty v. Hawk,* 15 F. App'x 197, 200 (6th Cir. 2001)) (same); *Marcum v. Jones,* No. 1:06-cv-108, 2006 WL 543714, at *1 (S.D. Ohio Mar. 3, 2006) (Dlott, J.) (and cases cited therein) (holding that the pro se inmate "may bring his own claims to federal court without counsel, but not the claims of others"). Therefore, plaintiff's complaint should be limited to alleged violations of his own federal rights. *Cf. Dodson,* 304 F. App'x at 438.

Plaintiff's due process claim should also be dismissed. Plaintiff claims that defendants deprived him of his property without due process. (Doc. 1-1, Complaint at PageID 18). However, plaintiff's allegations are insufficient to state an actionable § 1983 claim. In order to assert such a claim, plaintiff must first "plead . . . that state remedies for redressing the wrong are inadequate." *Vicory v. Walton,* 721 F.2d 1062, 1066 (6th Cir. 1983). *See also Hudson v. Palmer,* 468 U.S. 517 (1984); *Parratt,* 451 U.S. 527 (1981). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.,* 360 F.3d 583, 587-88 (6th Cir. 2004). Accordingly, in order to state a procedural due process claim under section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati,* 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory,* 721 F.2d at 1066). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the

4

inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson*, 360 F.3d at 588.

Plaintiff has not alleged any facts even remotely indicating that his remedies under Ohio law to redress the wrong of which he complains are inadequate. Plaintiff's complaint fails to explain why a state tort remedy for conversion would not suffice to address his claim. *See Fox v. Van Oosterum,* 176 F.3d 342, 349 (6th Cir. 1999). Therefore, he fails to state a due process claim that is actionable in this § 1983 proceeding.

To the extent that plaintiff claims that the loss of his property amounted to cruel and unusual punishment under the Eighth Amendment, plaintiff also fails to state a claim upon which relief may be granted. A prisoner "cannot state a claim under the Eighth Amendment for deliberate indifference to the security of his property." *Hunter v. Sherman*, 49 F. App'x 611, 612 (6th Cir. 2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (stating that "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm")); *Wa-Gino v. Arizona Dep't of Corr.*, No. 95-16931, 1995 WL 467701, at *1 (9th Cir. Aug. 16, 1996) (same). *See also Sloan v. Durkin*, No. 94 C 5833, 1996 WL 139245, at *2 (N.D. Ill. Mar. 26, 1996) (the loss of an arrestee's property, "regardless of the cause, does not constitute cruel and unusual punishment under the eighth amendment"). Therefore, plaintiff's allegations do not rise to the level of a constitutional violation under the Eighth Amendment.

Plaintiff also fails to state a claim upon which relief may be granted under the Equal Protection Clause. Plaintiff claims that defendant Warden Erdos is denying SOCF inmates equal protection of the law by not permitting SOCF inmates to be present during the pack-up process of their personal property. "The Equal Protection Clause prohibits discrimination by government

5

which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681–82 (6th Cir. 2011) (citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005)).  To state a claim for discrimination under the equal protection clause, plaintiff must allege sufficient facts to show that a state actor intentionally discriminated against him because of his membership in a protected class.  *Simpson v. Ameji*, 57 F. App'x 238, 239 (6th Cir. 2003) (citing *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990)).

      In this case, plaintiff has failed to allege any facts indicating that defendant Erdos burdened his fundamental rights, targeted him because of his membership in a protected class, or treated him differently than others similarly situated.  Plaintiff instead complains that Erdos uniformly does not allow SOCF inmates to be present during the pack-up of their belongings.  To the extent that plaintiff complains that he is treated differently than inmates at other prisons, plaintiff has not alleged any facts to suggest that Erdos has control over the policies and/or practices employed at other institutions. *See, e.g.*, *Hundai v. J. Salazar,* No. EDCV 08-00543-CAS (MAN), 2010 WL 761223, at *5 (C.D. Cal. Mar. 3, 2010) ("[Plaintiff] cannot base an equal protection claim against these officials on the treatment he received from other officials at another prison, or on the treatment of inmates at other prisons by officials there."); *Polzin v. Huibregtse*, No. 08-cv-437-slc, 2008 WL 3200745, at *1 (W.D. Wisc. Aug. 4, 2008) (dismissing under 28 U.S.C. § 1915 an equal protection claim regarding prison visits and noting "to the extent that petitioner is being treated differently from visitors to other prisons, that is not something for which respondent may be held liable because he is treating all visitors to his prison

the same"). Therefore, plaintiff's equal protection claim should also be dismissed.

Accordingly, in sum, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 7/11/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GERALD BULLOCKS,
    Plaintiff,

vs.

RON ERDOS, *et al.*,
    Defendants.

Case No. 1:18-cv-434

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).